UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID W. ZICKEL,

    Plaintiff,

    v.

OVERLAND PARK, KANSAS, POLICE DEPARTMENT, *et al.,*

    Defendants.

Case No. 24-2506-EFM-ADM

**MEMORANDUM AND ORDER**

    This case arises from plaintiff David W. Zickel's employment with, and subsequent termination from, the Overland Park Police Department ("OPPD"). Zickel sues defendants OPPD and then-acting Police Chief W. Simon Happer. The case is now before the court on Zickel's Motion for Leave to Amend Complaint. (ECF 10.) For the reasons explained below, the motion is granted.

    Zickel filed this action on November 8, 2024, and subsequently filed an amended complaint. (ECF 3.) The amended complaint asserts claims of age discrimination and wrongful discharge against OPPD (Counts I and V); and claims of retaliatory discharge, due-process violation, and defamation against Happer (Counts II, III, and IV). (*Id.* at 9-15.) On February 25, 2025, Happer filed a motion to strike the defamation claim. (ECF 4.) That motion is fully briefed and pending before presiding U.S. District Judge Eric F. Melgren.

    On March 26, Zickel filed the current motion for leave to amend the complaint a second time. (ECF 10.) By way of this motion, Zickel "seeks leave to amend his Complaint to include the additional facts in support of Count IV necessary to clarify and further support the basis of his

claim"—meaning, the defamation claim that is the subject of Happer's motion to strike. (*Id.* at 2.) His amended pleading also seeks to add a blacklisting claim against Happer. (ECF 10-1, at 17.) Zickel says that he stated in his response to the motion to strike that this motion would be coming, i.e., that he would seek leave to file a second amended complaint to add facts and clarify the basis of his defamation claim. (ECF 10 at 1; citing ECF 8, at 3-4.) Now that Zickel has done so, Happer opposes the motion to amend. (ECF 11.) Happer argues that the proposed amendments are futile because (1) they fail to cure the deficiencies raised in the motion to strike and (2) would not survive a motion to dismiss.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." The purpose of the rule is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). The Supreme Court has said that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. at 182). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the court should not permit the amendment. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (ruling that in the absence of such a

showing, amendment should be allowed).  Ultimately, whether to grant leave to amend lies within the court's discretion.  *Warnick*, 895 F.3d at 755.

This case is in its early stage (a scheduling order has not been entered and discovery has not begun), so most of the amendment concerns identified in *Ritchie* do not exist.  As noted, Happer only opposes amendment on futility grounds.  "A proposed amendment is futile if the amended complaint would be subject to dismissal."  *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013).  Happer argues proposed amended Count IV both fails to cure the deficiencies raised in the motion to strike and asserts a new basis for the defamation claim that would not survive a motion to dismiss, and that the proposed blacklisting claim would not survive a motion to dismiss.

Given the liberal standards governing amendment and the procedural posture of this case, the court exercises its discretion to grant leave to amend.  Happer's argument that the proposed amendment to Count IV is futile is an issue squarely before the district judge on the motion to strike.  It is not the undersigned magistrate judge's prerogative to try to predict how the district judge will decide that issue.  *See Poulos v. Brickley Enters., LLC*, No. 19-2629-JAR-JPO, 2020 WL 1812269, at *3 (D. Kan. Apr. 8, 2020) ("Plaintiff's proposed amendments are not clearly frivolous on their face, and district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case.").  In addition, after reviewing the parties' arguments on Zickel's proposed blacklisting claim, the court does not find it clearly futile.  To be clear, the undersigned is not deciding whether the amended claims ultimately would survive a subsequent challenge.  *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous.").  Rather, the

court simply finds that Happer has not met the "high bar" of establishing that the amendments are clearly futile. *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")). This ruling does not preclude Happer from renewing arguments via a motion to dismiss filed in response to the second amended complaint.

**IT IS THEREFORE ORDERED** that Zickel's Motion for Leave to Amend Complaint (ECF 10) is granted. Zickel must file his second amended complaint as a separate docket entry within **7 calendar days** from the date of this order.

Dated April 10, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge