UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID W. ZICKEL,

    Plaintiff,

v.

CITY OF OVERLAND PARK, KANSAS, *et al.,*

    Defendants.

Case No. 24-2506-EFM-ADM

**MEMORANDUM AND ORDER**

This case arises from plaintiff David W. Zickel's employment with, and subsequent termination from, the Overland Park Police Department ("OPPD"). Zickel sues The City of Overland Park ("the City") and then-acting Police Chief W. Simon Happer. The case is now before the court on Happer's motion to continue the deadlines set forth in the Initial Order Regarding Planning and Scheduling (ECF 20)—including the obligation to participate in a Fed. R. Civ. P. 26(f) planning conference, provide initial disclosures, prepare a proposed scheduling order, and attend a scheduling conference—until the court rules his motion to dismiss (ECF 18) and his motion to strike (ECF 17). (ECF 21.) For the reasons explained more fully below, the motion is granted as to Happer and denied as to the City.

**I.    Background**

Zickel worked for the OPPD from August 2000 until he was terminated, based on Happer's recommendation, in April 2024. Zickel was 63 years old at the time of termination. On November 8, 2024, Zickel filed this action against the City and Happer. In the current operative complaint, he asserts claims of age discrimination and wrongful discharge against the City (Counts I and V) and claims of retaliatory discharge, due-process violation, defamation, and blacklisting against

Happer (Counts II, III, IV, and VI). (ECF 16 at 10-17.) Happer has filed a motion to strike the defamation claim on the grounds that it is prohibited by the Kansas Public Speech Protection Act, KAN. STAT. ANN. § 60-5320(b) ("KPSPA"). (ECF 17.) Happer argues therein that he is entitled to absolute immunity for his actions that form the basis of the claim. Happer also has filed a motion to dismiss all the claims against him under Fed. R. Civ. P. 12(b)(6). (ECF 18.) In this second motion, Happer again asserts absolute immunity as to the defamation claim and goes on to argue that he is entitled to qualified immunity on the retaliatory discharge and due-process claims. Finally, Happer asserts the blacklisting claim fails as a matter of law. Both motions are pending before presiding U.S. District Judge Eric F. Melgren.

On May 13, 2025, the court issued the Initial Order Regarding Planning and Scheduling, which set deadlines under Rule 26(f) for the steps preceding the entry of a scheduling order. (ECF 20.) On May 16, Happer filed the present motion to continue those deadlines until after Judge Melgren rules his motions to strike and dismiss. (ECF 21.) Zickel filed a response opposing the motion to continue. (ECF 23.) The City has not responded.

**II.   Legal Standards**

Happer's request to continue the deadlines in the Initial Order Regarding Planning and Scheduling includes continuing the deadline for participating in a Rule 26(f) planning conference. Because the planning conference triggers the start of party discovery, granting Happer's motion would have the practical effect of staying party discovery against him.

The court has broad discretion to stay discovery "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose

2

of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  Stays are disfavored, however, because they "can delay a timely resolution of the action."  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020).  Further, "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.").  A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."  *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023).  "The proponent of a stay bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC,* No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

### III.    Analysis

Here, a stay of discovery against Happer is appropriate.  Happer's pending motion to dismiss raises the issue of qualified immunity.  Immunity from suit is a "broad protection" that

3

grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)). Therefore, a defendant generally is entitled to have immunity questions resolved before being required to engage in discovery. *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

Additionally, Happer's motion to strike the defamation claim implicates the automatic stay provision of KPSPA, which states that "all discovery, motions or other pending hearings shall be stayed upon the filing of the motion to strike . . . except that the court, on motion and for good cause shown, may order that specified discovery, motions or other pending hearings be conducted." KAN. STAT. ANN. § 60-5320(e)(2). Although Zickel argues the court should not consider the KPSPA because it is a state procedural rule and that, even if the court does consider it, it is inapplicable to the facts here, those arguments will be decided by Judge Melgren. The prudent course of action here is to allow Judge Melgren an opportunity to resolve the threshold immunity issues before requiring Happer to participate in discovery.

As to the City, however, the court sees no reason to delay the start of discovery. Although the court appreciates that there is factual overlap between Zickel's claims against the City and claims against Happer, the court is mindful that a plaintiff's right to proceed in court should not be hindered absent exceptional circumstances. Permitting party discovery against the City will further the progress of the case while the parties await Judge Melgren's rulings on Happer's

4

dispositive motions. Should the motions be granted, the case will be in a good procedural position to advance to summary judgment and trial.

In conclusion, Happer's motion to continue deadlines set in the Initial Order Regarding Planning and Scheduling is granted as to Happer. If any of Zickel's claims against Happer remain pending after Judge Melgren's rulings on the motion to strike and motion to dismiss, Zickel must notify the undersigned judge **within seven days** of the last ruling. In that situation, the court intends to re-set the deadlines as they pertain to Happer and enter an amended scheduling order to govern remaining deadlines. Happer's motion is denied as to the City. When the City and Zickel conduct their Rule 26(f) planning meeting and draft their proposed scheduling order, they should plan for both the City and Zickel to move forward with party discovery.

**IT IS THEREFORE ORDERED** that Happer's motion to continue the deadlines set forth in the Initial Order Regarding Planning and Scheduling (ECF 20) is granted as to Happer and denied as to the City.

Dated May 27, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
